UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

**CIVIL ACTION NO. 25-40-DLB**

**JOHN MOGLIA**                                                                                         **PETITIONER**

**v.**                     **MEMORANDUM OPINION AND ORDER**

**CHRISTOPHER ENTZEL, WARDEN**                         **RESPONDENT**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate John Moglia has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. #1). Moglia contends that the Bureau of Prisons ("BOP") has improperly refused to award him sentence credits under First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018) for 74 days when he was in transit between prisons. *See* (Doc. # 1 at 3).

The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Moglia's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

1

In 2009, Moglia and his confederates robbed a drug dealer's home in New York on three separate occasions. During the last robbery, the victim's father was murdered. In August 2015, Moglia pleaded guilty to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). He was sentenced to 240 months imprisonment "to be served consecutively with the defendant's State Court conviction." *See United States v. Moglia*, No. 2:12-CR-735-LDH-3 (E.D.N.Y. 2012) (Doc. # 85, # 102). Moglia entered federal custody thereafter.

The FSA does not permit the earning of sentence credits prior to its effective date on December 21, 2018. *See* 18 U.S.C. § 3632(d)(4)(B)(i). So the BOP commenced the earning period for inmates like Moglia on that date. *See* (Doc. # 1-2 at 1). Moglia has earned FSA credits near-continuously in the more than six years since then. *See id*. at 3. There were two brief periods – once in April 2023 and again in April 2024 – when Moglia could not earn FSA credits because the rehabilitative programming he was required to complete in order to earn those credits was simply not available to him while he was in transit in between prisons. *See* (Doc. # 1-1 at 5).

Through his petition, seeks FSA credit for those two periods. *See* (Doc. # 1). However, his arguments in support of that position relate solely to when a prisoner can *begin* to earn FSA credits. *See id*. at 6. The days in question occurred in 2023 and 2024, five years or more after Moglia had already begun earning FSA credits in 2018. *See* (Doc. # 1-2 at 1). Thus the handful of unpublished decisions cited by Moglia are not relevant to the claim he presses.

The real issue presented is the one Moglia repeatedly made in his inmate grievances. There, he asserted that "[t]here is nothing in the law that disallows me the opportunity to accrue day[s] while in transit." (Doc. 1-1 at 4). If the BOP offered qualifying

2

rehabilitative programming to inmates while they are in transit, that argument might carry more force. But it doesn't, so the argument fails. As this Court has explained:

> By its terms, Section 3632(d)(4)(A) requires a prisoner to successfully complete EBBR programming or PAs to earn FSA credit. There are limited exceptions, but by regulation certain locational transfers remove the prisoner from earning status, often in situations where the EBBR programming or PAs are simply unavailable. 28 C.F.R. § 523.41(c)(4)(i)-(iv). Courts have consistently upheld the BOP's decision to deny FSA credits to inmates who were unable to complete the required PAs or EBBR training because they were in transit during the pertinent periods.

*Pierce v. LeMaster*, No. 24-7-DLB, 2024 WL 439447, at *2 (E.D. Ky. Jan. 29, 2024) (collecting cases). *See also Smith v. Eischen*, No. 22-CV-1704 (NEB/DJF), 2023 WL 4203165, at *1 (D. Minn. June 27, 2023) ("Eligible inmates are not 'successfully participating' in programming when they are in transit to 'the custody of another Federal or non-Federal government agency.'"), *aff'd*, No. 23-2620, 2024 WL 1479767 (8th Cir. Apr. 5, 2024). Because the FSA requires, except in circumstances not present here, actual participation in rehabilitative programming, the BOP properly denied Moglia credit for time periods when that programming was not available to him.

Accordingly, it is **ORDERED** that John Moglia's petition (Doc. # 1) is **DENIED** and this matter is **STRICKEN** from the docket.

This 7th day of July, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Moglia 0-25-040 Memorandum.docx